IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE L. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-977-SLR |
| | ) |
| ALLISON TEXTER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Jermaine L. Carter ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3, 6)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

v. *County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

6. To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

7. **Allegations in the Complaint.** Plaintiff was indicted on 129 criminal charges. He alleges that he was "overly indicted" with insufficient evidence. Plaintiff pled guilty to rape, kidnaping and robbery and the remaining charges were nolle prossed. (*See Carter v. Pierce*, Civ. No. 14-595-SLR at D.I. 1, 14) On June 4, 2010, plaintiff was sentenced to life plus twenty-five years. Plaintiff alleges there was insufficient evidence to support his sentence and he believes "the whole prosecution was malicious in violation of [his] constitutional rights." (D.I. 6) He seeks damages and injunctive relief in the form of a speedier release. (D.I. 3)

8. **Malicious Prosecution.** Plaintiff alleges malicious prosecution. "To prevail on a malicious prosecution claim under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." See *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Plaintiff pled guilty to several criminal charges and the remaining charges were nolle prossed. See *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (a grant of nolle prosequi that does not establish actual innocence cannot be used as a basis for establishing malicious prosecution). The final determinations in the criminal proceedings were not in plaintiff's favor and, therefore, the complaint fails to allege the elements of a malicious prosecution claim. Accordingly, the court will dismiss the malicious prosecution claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

4

9. **Prosecutorial Immunity.** The three named defendants, Allison Texter ("Texter"), Andrew Ahern ("Ahern"), and Cynthia Faraone ("Faraone") are assistant attorneys general with the Department of Justice of the State of Delaware, all of whom apparently had involvement in plaintiff's criminal cases. With regard to these defendants, plaintiff alleges that: (1) he was "overly indicted;" (2) there was insufficient evidence to support the crimes for which he was sentenced; (3) during the plea negotiations his former counsel requested a certain number of years, but Texter "maliciously" asked the sentencing judge to impose a natural life sentence; (4) the prosecutors engaged in malicious prosecution; (5) during sentencing, Texter did not describe or state what kind of weapon plaintiff had when he was arrested and whether his DNA or fingerprints were on the weapon; (6) the names of Texter and Ahern were changed on the court docket; and (7) Faraone was assigned to plaintiff's Rule 61 motion for post-conviction relief.

10. As discussed above, the malicious prosecution claim is frivolous. In addition, the allegations that the names of Texter and Ahern were changed on the court docket and that Faraone was assigned to plaintiff's Rule 61 motion are frivolous. The remaining acts complained of by plaintiff occurred during the prosecution of his criminal cases. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Moreover, prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). The acts of which plaintiff complains (*e.g.*, that he was "overly indicted, insufficient evidence was presented, arguments made during

5

sentencing) fit squarely within the realm of official prosecutorial duties. See id. at 430 (activities intimately associated with the judicial phase of the criminal process, casting the prosecutor as an advocate rather than an administrative or investigative officer, trigger absolute immunity). Defendants, therefore, enjoy immunity from § 1983 liability for those acts and the claims against them will be dismissed.

11. **Habeas Corpus**. To the extent that plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus.[2] Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Torrence v. Thompson, 435 F. App'x 56 (3d Cir. 2011) (unpublished). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). In Heck, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explains that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

---

[2]Plaintiff filed a petition for writ of habeas corpus in this court on May 12, 2014. See Carter v. Pierce, Civ. No. 14-595-SLR (D. Del.).

6

leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

12. Here, plaintiff has not alleged or proven that his conviction or sentence has been reversed or invalidated as provided by *Heck*. To the extent he seeks damages for his current incarceration, the claim is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

13. **Conclusion.** For the above reasons, the court will deny as moot all pending motions (D.I. 10, 11, 12) and will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1). The court finds amendment futile. A separate order shall issue.

Dated: October 31, 2014

UNITED STATES DISTRICT JUDGE